Adams v. Han

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of April, two thousand twelve.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
             BARRINGTON D. PARKER,
             PETER W. HALL,
                              <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
LOVADO ADAMS,
        <u>Plaintiff-Appellant</u>,

        -v.-                                          11-603

KYU H. HAN, JULIE HAN, HAN, SALLY'S
REALTY INC.,
        <u>Defendants-Appellees</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Lovado Adams, <u>pro se</u>, Bronx, N.Y.

FOR APPELLEES:              No Appearance.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Marrero, _J._).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Appellant Lovado Adams, pro se, appeals the district court's January 11, 2011 order denying a motion to reconsider a previous order dismissing, as time-barred, Adams' complaint brought pursuant to the Fair Housing Act ("FHA"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Adams' motion for reconsideration is construed as a motion seeking relief from the district court's final order pursuant to Federal Rule of Civil Procedure 60(b). See Branum v. Clark, 927 F.2d 698, 704 (2d Cir. 1991). Denial of that motion is reviewed for abuse of discretion. See Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 125 (2d Cir. 2011) (per curiam). An appeal from the district court's denial of a Rule 60(b) motion "brings up for review only the denial of the motion and not the merits of the underlying judgment." Branum, 927 F.2d at 704.

An independent review of the record in light of these principles confirms that the district court acted within the bounds of discretion in denying the motion for reconsideration. The FHA provides that a person "may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . . to obtain appropriate relief with respect to such discriminatory housing practice or breach." 42 U.S.C. § 3613(a)(1)(A). "The computation of such 2-year period shall not include any time during which an administrative proceeding . . . was pending with respect to a complaint or charge . . . based upon such discriminatory housing practice." Id. § 3613(a)(1)(B). When a complainant receives a final letter from a Department of Housing and Urban Development ("HUD") regional office, "stating that HUD has closed its investigation based on notification that the certified agency to which the complaint was referred has closed its investigation, we will consider the administrative proceeding to have been

'pending,' and the filing limitation tolled, until the date of the final letter." <u>Boykin v. KeyCorp</u>, 521 F.3d 202, 211 (2d Cir. 2008).

HUD's letter advising that the agency had closed Adams' complaint (based on the New York State Division of Human Rights notification that it had closed its investigation) was dated May 15, 2008. The statute of limitations was thus tolled--during the course of the administrative proceeding-- until that date. Adams' complaint, however, was not filed in the district court until May 28, 2010, after the two-year statute of limitations expired.

No argument or evidence undermining this conclusion appears in either Adams' response to the district court's order to show cause or Adams' motion for reconsideration. Although Adams vaguely asserted that there were "extenuating circumstances . . . relating to [Adams'] medical conditions [and] financial situation," Adams provided no details or arguments as to why they would serve to toll the statute of limitations. Moreover, on appeal, Adams has set forth no concrete arguments concerning either the district court's denial of the motion for reconsideration or the timeliness of the original complaint. <u>See</u> <u>Norton v. Sam's Club</u>, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Finding no merit in Adams' remaining arguments, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK